REGINA GREENMAN, Appellant, v. ISAAC CHAIM GREENMAN, Respondent.— On the court's own motion the decision of this court handed down on June 23, 1941 [see ante, p. 876], is amended to read as follows: Appeal from an order granting reargument and on reargument adhering to the original decision, which denied plaintiff's motion to disaffirm the report of an official referee that plaintiff is not entitled to a declaratory judgment establishing her status as the wife of the defendant. Order, in so far as it adheres to the original determination and denies the motion to disaffirm the report of the official referee, reversed on the law and the facts, without costs, and the matter remitted to Special Term for a rehearing. The official referee correctly held that on this record the plaintiff had not established the validity of the divorce decree upon which she relied to sustain the validity of her marriage to the defendant. In this form of action that burden rested on her. The record is in a very unsatisfactory state. Although there is an intimation

---

* See amended decision, post, p. 1037.

that the alleged divorce was obtained in Amsterdam, there is no legal proof of that fact, nor is there any proof of the law of Holland with respect to the validity of such a divorce, if it was obtained in Holland. Nor is there any proof where the parties involved were domiciled. Plaintiff failed to establish whether or not her first husband was a national of Palestine, Czechoslovakia or some other State at the time the divorce proceedings were had; whether the marital *res* was in Holland or Palestine or elsewhere. Plaintiff was not afforded an opportunity to establish the local law of Palestine so that it might be considered in connection with her defense respecting the validity of the divorce. It may be that a rehearing will be futile. The statutes of Palestine reveal that a Rabbinical Court has no jurisdiction under the local law to grant a valid decree of divorce to a foreigner, such as plaintiff, which fact and the statutes relating thereto appear in the record in *Albeg* v. *Albeg* (259 App. Div. 744). Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.